FILED
IN OPEN COURT
OCT - 6 2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

DAVID J. RUSH,

*Defendant.*

Case No. 1:26-CR-185

PLEA AGREEMENT

Todd Blanche, Attorney General, and Theophani K. Stamos, First Assistant United States Attorney, for the Eastern District of Virginia; undersigned counsel for the United States; the defendant, DAVID J. RUSH; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of this Plea Agreement are as follows:

**1. Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to a single count Criminal Information, charging the defendant with wire fraud, in violation of 18 U.S.C. § 1343. The maximum penalties for this offense are: a term of 20 years of imprisonment, a fine of $250,000 or twice the gross gain or twice the gross loss, full restitution, forfeiture of assets as outlined below, any special assessments pursuant to 18 U.S.C § 3013, and a maximum supervised release term of 3 years. The defendant understands that any supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

**2. Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

**3. Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this Plea Agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a. the right to plead not guilty and to persist in that plea;

b. the right to a jury trial;

c. the right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial and at every other stage of the proceedings; and

d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**4. Sentencing Guidelines, Recommendations, and Roles**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a

prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the defendant stipulate and will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

| **Guideline(s)** | **Description** | **Offense Level** |
|---|---|---|
| § 2B1.1(a) | Base offense level (wire fraud) | 7 |
| § 2B1.1(b)(1)(M) | Loss amount (greater than $90 million but less than $200 million)[1] | +24 |
| § 2B1.1(b)(9)(A) | Defendant misrepresented that he acted on behalf of the U.S. Government | +2 |
| § 2B1.1(b)(10)(C) | Defendant used sophisticated means | +2 |
| § 2B1.1(b)(17)(A) | Defendant derived more than $1 million in gross receipts | +2 |
| § 3B1.3 | Abuse of position of public trust | +2 |
| § 4C1.1 | Adjustment for certain zero-point offenders | -2 |

The United States and the defendant agree not to recommend that the defendant had an aggravating role under §3B1.1 or mitigating role under §3B1.2. Further, the government and the defendant agree that the defendant qualifies for a reduction under § 4C1.1 (adjustment for certain

[1] The parties agree that the loss amount recommendation is guided by the November 1, 2026 amendment to the Loss Table under § 2B1.1(b)(1). *See* U.S.S.G. § 1B1.11.

zero-point offenders). The parties also agree that no other Sentencing Guidelines enhancements apply.

The United States and the defendant further agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

The United States and the defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other than those set forth above or elsewhere in this Plea Agreement. Any stipulation on a Guidelines provision does not limit the parties' arguments as to the aforementioned Guidelines provisions or sentencing factors under Section 3553(a), including arguments for a sentence within or outside the advisory Guidelines range found by the Court at sentencing.

**5. Waiver of Appeal, FOIA, and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on

direct appeal, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

**6. Conditions of Incarceration**

The defendant is aware of the provisions of 28 C.F.R. § 501.2 governing conditions of incarceration in national security cases and acknowledges that the United States reserves the right to exercise these provisions.

**7. Immunity from Further Prosecution in This District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Information or Statement of Facts. This Plea Agreement and Statement of Facts is binding only upon the United States Attorney's Office for the Eastern District of Virginia and the Counterintelligence and Export Control Section of the National Security Division of the U.S. Department of Justice, and it does not confer on the defendant any immunity from prosecution by any component of the United States Department of Justice other than the United States Attorney's Office for the Eastern District of Virginia or the Counterintelligence and Export Control Section of the National Security Division, or by any state or local government in the United States.

**8. Waiver of Classified Discovery**

As part of this plea agreement and based upon the concessions of the United States in this Plea Agreement, the defendant knowingly, willingly, and voluntarily gives up the right to seek any additional classified discovery. Further, the defendant knowingly, willingly, and voluntarily waives all pending requests for classified discovery. This waiver, however, shall not apply to any discovery that tends to negate the defendant's guilt or diminish the degree of the defendant's culpability or the defendant's Offense Level under the U.S. Sentencing Guidelines.

**9. Continuing Non-Disclosure**

The defendant acknowledges that, in connection with his government employment, he entered into certain agreements prohibiting the unauthorized disclosure of classified information, confidential information, and other information acquired as a part of the defendant's performance of his official duties. Even though the defendant is no longer a government employee or contractor, the defendant acknowledges his continuing duties and obligations under these agreements.

Defendant understands and agrees that he has a continuing legal obligation to refrain from the unauthorized oral or written disclosure of classified information, or information relating to the national defense. Defendant understands and agrees that the law forbids him from disclosing, communicating, transmitting, or disseminating any classified information, or information relating to the national defense, without regard to where, when, or how he learned of or came into possession of the classified information or information relating to the national defense. Defendant understands and agrees that merely because classified information, or information relating to the national defense, may have appeared publicly does not render that information unclassified.

**10. Pre-Publication Review**

The defendant understands and acknowledges his legal obligation to refrain from the unauthorized oral or written disclosure of information derived from the United States Government or derived from the activities described in the attached Statement of Facts. Should the defendant at any time author or participate in the creation of any book, writing, article, film, documentary or other production, or otherwise provide information for purposes of publication or dissemination, including but not limited to information provided through interviews with freelance writers or representatives of any media organization or entity, defendant hereby agrees first to submit in a timely fashion said book, writing, article, film, documentary, or information to the relevant member of the United States Intelligence Community ("USIC") for timely pre-publication review and deletion of information which, in the discretion of the relevant USIC member should not be published or disseminated on the grounds of national security or on such other grounds as are already the subject of the defendant's pre-existing agreements with the United States Government.

**11. Assignment of Any Profits or Proceeds from Publicity**

The defendant hereby assigns to the United States any profits or proceeds which he may be entitled to receive in connection with any publication or dissemination of information relating to his work for or on behalf of the United States, his unlawful activities, the facts and circumstances leading to his apprehension and conviction, or acquired from government files, and agrees that any such profits and/or proceeds constitute the proceeds of his unlawful activity. This assignment shall include all profits and proceeds for the benefit of the defendant, regardless of whether such profits and proceeds are payable to himself or to others, directly or indirectly, for his benefit or for the benefit of the defendant's associates or a current or future member of the

defendant's family. The defendant shall not circumvent this assignment by assigning the rights to his story to an associate or to a current or future member of the defendant's family, or to another person or entity who would provide some financial benefit to the defendant, to the defendant's associates, or to a current or future member of the defendant's family. Moreover, the defendant shall not circumvent this assignment by communicating with an associate or a family member for the purpose of assisting or facilitating their profiting from a public dissemination, whether such an associate or other family member is personally or directly involved in such dissemination.

**12. Foreign Government Contacts**

The defendant understands and agrees that he shall not knowingly have contact with any foreign government or agents thereof, except with the express permission of the Federal Bureau of Investigation ("FBI"). The defendant understands and agrees that he shall not seek or knowingly accept, personally or through another person or entity, any benefit from such foreign government or agent thereof, and should such a benefit be received by the defendant, or some other person or entity on his behalf, he hereby assigns any such benefit to the United States. For purposes of this paragraph, any benefit provided to an associate of the defendant or to a current or future family member of the defendant, which is related to, arises out of, or is in recognition of, the defendant's unlawful activities, is a benefit deemed provided to the defendant himself.

**13. Media Contacts**

The defendant agrees to notify the government immediately of any contacts he intends to have with any media, so that representatives of the USIC may be present to monitor the information being disseminated, and, if necessary, to prevent the unauthorized disclosure of information. Such contacts include, but are not limited to, contacts in person, by electronic

means, by telephone, or by public or private mail carrier. Among other things, this provision covers contacts relating to any media interview, and contacts with any individual where the subject of the contact involves the publication of any book, article, scripts or other work relating to the defendant's unlawful activities or employment with the United States Government or work as a United States government contractor.

**14. Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613 and 18 U.S.C. § 3572, all monetary penalties imposed by the Court, including restitution, will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties. If the defendant is incarcerated, the defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

**15. Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(A).

**16. Restitution**

The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1), and the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses as determined by the Court. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant further agrees that an offense listed in Section 3663A(c)(1) gave rise to this Plea Agreement and, as such, victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct shall be entitled to restitution. Without limiting the amount of restitution that the Court must impose, the parties agree that, at a minimum, the following victims have suffered the losses identified below and are entitled to restitution:

| Victim Name | Restitution Amount |
|---|---:|
| United States Government | $ 195,408,888.24 |

The defendant understands that forfeiture and restitution are separate and distinct financial obligations that may be imposed upon a criminal defendant. The defendant further understands that restitution will be enforced pursuant to 18 U.S.C. § 3572, 18 U.S.C. § 3613, and 18 U.S.C. § 3664(m).

The parties acknowledge that determination of the identities, addresses, and loss amounts for all victims in this matter is a complicated and time-consuming process. To that end, defendant agrees that, pursuant to 18 U.S.C. § 3664(d)(5), the Court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90-day provision found at Section 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

**17. Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any fraud-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for the following: property that constitutes the proceeds of the offense. The defendant agrees that the assets subject to forfeiture include, but are not limited to, the following specific property:

a. a monetary judgment in the amount of at least $193,590,400.69, representing the amount of proceeds the defendant personally obtained from the wire fraud scheme and a sum which shall be offset to the extent of the government's net at final forfeiture from the assets listed as items (b) through (n) below;

b. $38,651,314.55 in funds seized from Bank of America Account # 6441 held in the name of 0701 Holdings LLC;

c. the real property and improvements located at 311 Polmer Park Rd., Palm Beach, FL or cash in lieu of;

d. the real property and improvements located at 511 South Beach Road on Jupiter Island in Florida or cash in lieu of;

e. the real property and improvements located at 243 Seaspray Ave, Palm Beach, FL or cash in lieu of;

f. the real property and improvements located at 236 Via Las Brisas, Palm Beach, FL or cash in lieu of;

g. a 2026 BMW Alpina XB7, VIN: 5UX43EM02T9182301;

h. a 2026 BMW Alpina XB7, VIN: 5UX43EM0XT9187973;

i. 298 gold bars seized from the defendant's residence in Ashburn, Virginia on May 19, 2026;

j. $2,106,550 in U.S. Currency seized from the defendant's residence in Ashburn, Virginia on May 19, 2026;

k. €104,795 Euros seized from the defendant's residence in Ashburn, Virginia on May 19, 2026;

l. 30 watches seized from the defendant's residence in Ashburn, Virginia on May 19, 2026;

m. four watches seized from a residence in Warrenton, Virginia on June 2, 2026; and

n. one Rolex Oyster Perpetual Sea-Dweller 4000 (Model 11660), with serial number 9R22U645.

The defendant understands that if the assets subject to forfeiture are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the unavailable assets. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant acknowledges that as a result of defendant's acts or omissions, the actual proceeds the defendant obtained as a result of the offense are not available and the defendant stipulates that one or more of the factors listed at 21 U.S.C. § 853(p)(1) are present in this case.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

In addition, if restitution is ordered as part of the sentence and in the event the defendant submits a financial affidavit to the U.S. Attorney's Office and the U.S. Attorney's Office determines, in its sole discretion, that the defendant meets the criteria for restoration under the restoration policy of the Money Laundering, Narcotics and Forfeiture Section ("MNF") of the U.S. Department of Justice, including an inability to pay both restitution and forfeiture, the U.S.

Attorney's Office will submit a restoration request to MNF that any amount obtained through forfeiture to be applied towards any restitution ordered. The defendant understands restoration is inapplicable if no tangible assets are forfeited. Further, if the U.S. Attorney's Office determines in its sole discretion that the defendant does not meet the criteria for restoration, the U.S. Attorney's Office shall be under no obligation to make any such restoration request. The defendant further understands that MNF, which is not bound by this agreement, retains ultimate discretion regarding whether to grant or deny any restoration request. Moreover, the defendant acknowledges that a defendant has no right to an offset against restitution for any property forfeited, *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014), and agrees not to challenge any decision made by the U.S. Attorney's Office or MNF with respect to any restoration recommendation. The defendant also agrees not to request that the Court reduce or otherwise offset any forfeiture order entered by the amount of restitution ordered or any restitution order entered by the amount of any forfeiture ordered.

**18. Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all

property covered by this agreement is subject to forfeiture as proceeds of illegal conduct and substitute assets for property otherwise subject to forfeiture.

**19. The Defendant's Obligations Regarding Assets and Financial Investigation**

The defendant agrees to fully participate in the United States' pre- and post-judgment financial investigation. Such participation includes the identification of assets in which the defendant has any legal or equitable interest to determine what assets may be available for payment to restitution, forfeiture, and/or any fine imposed in this case. The defendant agrees that the defendant's financial information is subject to investigation and disclosure pre-judgment to the same extent as financial information will be subject to discovery after judgment is imposed. The defendant understands that 31 U.S.C. § 3711(h)(1) permits the United States to obtain the defendant's credit report after sentencing and expressly authorizes the United States to obtain the defendant's credit report prior to sentencing in this case. The defendant understands that the United States has sole discretion over whether it will obtain defendant's credit report pursuant to this Plea Agreement. If the United States determines that it will obtain defendant's credit report prior to sentencing pursuant to this Plea Agreement, the defendant authorizes the United States, and the United States agrees, to provide a copy to defense counsel upon request. The defendant understands that failure to participate in the financial investigation as described in this paragraph may constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

Within 14 days of a request by the United States, or other deadline agreed upon by the parties, the defendant agrees to provide all information about all of the defendant's assets and financial interests to the United States and the Probation Office and, if requested, submit to a debtor's examination, complete a financial disclosure statement under penalty of perjury, and/or undergo any polygraph examination the United States may choose to administer concerning such

assets and financial interests. The defendant also agrees to provide or consent to the release of the defendant's tax returns for the previous five years. The defendant understands that assets and financial interests subject to disclosure include assets owned or held directly or indirectly, individually or jointly, in which the defendant has any legal interests, regardless of title, including any interest held or owned under any other name, trusts, and/or business entities presently and since date of the first offense giving rise to this Plea Agreement, or giving rise to the charges presently pending against the defendant, whichever is earlier.

The defendant shall identify all assets valued at more than $5,000 that have been transferred to third parties since the date of the first offense giving rise to this Plea Agreement, including the location of the assets and the identities of third parties to whom they were transferred. The defendant agrees not to transfer any assets valued at more than $5,000 without approval of the Asset Recovery Unit of the U.S. Attorney's Office until the fine, forfeiture, and restitution ordered by the Court at sentencing are paid in full or otherwise terminated by operation of law. The defendant agrees to take all steps requested by the United States to obtain from any other parties by any lawful means any records of assets contemplated by this paragraph in which the defendant has or had an interest. Until the fine, forfeiture, and restitution ordered by the Court are paid in full or otherwise terminated by operation of law, the defendant agrees to notify the Asset Recovery Unit of the U.S. Attorney's Office of a change in address within 30 days of such change.

The United States will not use any truthful and complete information provided by the defendant pursuant to this paragraph for additional criminal offenses against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to

U.S.S.G. § 1B1.8, no truthful information that the defendant provides pursuant to defendant's obligations under this paragraph will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the United States in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action or restitution enforcement action, whether criminal or civil, administrative or judicial.

**20. Breach of the Plea Agreement and Remedies**

This Plea Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or

statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of this Plea Agreement by a preponderance of the evidence.

**21. Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty. Any modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

[SIGNATURE PAGES FOLLOW]

TODD W. BLANCHE
Attorney General

THEOPHANI STAMOS
First Assistant United States Attorney

By: ______________________
Raizza K. Ty
Gavin R. Tisdale
Assistant United States Attorneys

JOHN A. EISENBERG
Assistant Attorney General for National Security

By: ______________________
Kevin C. Hakala
Kathryn DeMarco
Trial Attorneys
U.S. Department of Justice
National Security Division
Counterintelligence and Export Control Section

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal Information. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 2 October 2026

DAVID J. RUSH

Defense Counsel's Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Information. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 10/2/2026

Jessica N. Carmichael
Counsel for the Defendant